IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL VALLEJO RECIO, PRO SE, TDCJ-CID No. 598857, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 2:15-CV-0279 |
| Commissary Clerk GARCIA, and White woman RAMIRES, | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

The instant cause was dismissed December 7, 2015 due to plaintiff's failure to pay the

filing fee or move for pauper status and was reopened by the Court *sua sponte* on December 10,

2015, upon receipt of plaintiff's payment of the filing fee.

Plaintiff DANIEL VALLEJO RECIO, acting *pro se* and while a prisoner incarcerated in

the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit

pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced

defendants. Plaintiff has paid the filing fee and is not proceeding in forma pauperis.

Plaintiff alleges he purchased a typewriter from the commissary on June 22, 2015 for

$225.00 and, on July 20, 2015, he purchased a pair of shoes for $49.00. Plaintiff states the platen

knob, the platen roller, the return key, and the plastic cover of the typewriter are broken or do not

function correctly. On both occasions, defendant GARCIA was the commissary clerk. Plaintiff

also alleges he purchased typewriter ribbon for $8.75 and "a ribbon swintec lift correct" for

$2.70. On that occasion, defendant RAMIRES was the commissary clerk. He says he has also

purchased carbon paper at $0.10 per sheet, buying a total of $2.25 worth of carbon paper. Plaintiff claims the prices of these commissary items were excessive.

Plaintiff also claims the street numbers of his family's address, 525, "were flip to [225] [brackets in the original]", the price of the typewriter, "[t]o make these threats, that will cost me." Plaintiff appears to feel the manufacturer listed for the typewriter is wrong and that this and the price of the typewriter are threats against him and his family.

Plaintiff requests an award of monetary relief in the amount of $60,000,000.00 and that the responsible parties be indicted "for theft, And conspiracy, of crimes [capitalization and punctuation in the original]."

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The United States District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

proceed to answer by defendants.

## THE LAW AND ANALYSIS

### INDICTMENT OF THE DEFENDANTS

By his request that the defendants or any other responsible party be indicted for theft and/or criminal conspiracy, plaintiff states a claim on which relief cannot be granted. Bringing criminal charges against a defendant is not an available relief under section 1983 action. *Cf. Jones v. Conway*, No. Civ.A. 92-3883, 1992 WL 185578, at *1 (E.D.Pa. July 21, 1992). "Criminal statutes can neither be enforced by civil action nor by private parties." *Hassell v. U.S.*, 203 F.R.D. 241, 244, (N.D.Tex. 1999)(citing *Kennan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964); see, *United States v. Claflin*, 97 U.S. 546, 24 L.Ed. 1082 (1989)). There is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. Plaintiff's claim must be dismissed for failure to state a claim on which relief can be granted.

### EXCESSIVELY HIGH PRICES

As to plaintiff's claim that he was charged excessively high prices for the items he purchased from the commissary, plaintiff has not alleged any fact indicating either or both of the defendant commissary clerks was responsible for setting the prices of items in the commissary.

Regardless of the identity of the person(s) responsible for setting commissary prices, inmates have no constitutional right of access to a prison gift or snack shop. *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996). If they can access such a shop, there is no legal

basis to support a claim that inmates must be offered items for purchase at or near cost, *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980), or at the lowest possible price. *Lucas v. Rivera*, 2009 WL 9002355 *2 (D.S.C. March 31, 2009). A prisoner's claim that he was overcharged for goods at the prison commissary fails to state a constitutional claim. *McCall v. Keefe Supply Co.*, 2009 WL 21716435 (10th Cir. 2009). *See also, Lineberry v. United States*, 2009 WL 499763 (E.D. Tex. Feb. 27, 2009)(rejecting inmate's claim that his constitutional rights were violated based upon the prison store charging excessive prices); *Hopkins v. Keefe Commissary Network Sales,* 2007 WL 2080480 *5 (W.D.Pa. July 12, 2007)(inmates have no federal constitutional right to purchase items from the commissary at any particular price or to have the commissary restrained from charging even exorbitant prices; *Collins v. Virginia*, 2006 WL 1587467 *1 (W.D.Va. June 6, 2006)("inmates have no constitutionally protected interest in purchasing stamps, food substances, or any other good through the prison commissary at the cheapest price possible."). Plaintiff's claims of excessively high prices lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**THREATS AGAINST PLAINTIFF AND HIS FAMILY**

Plaintiff's claim that the price and/or the name of the manufacturer of the typewriter were manipulated in order to convey to him a threat against himself and/or his family falls into that class of claims which are delusional and lack an arguable basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). The claim is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42,

United States Code, Section 1983, by plaintiff DANIEL VALLEJO RECIO is DISMISSED

WITH PREJUDICE AS FRIVOLOUS and FOR FAILURE TO STATE A CLAIM ON WHICH

RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first

class mail.  The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the

U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 21st day of December, 2015.


MARY LOU ROBINSON
United States District Judge